**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BEVERLY TAVIERE,**

  **Plaintiff,**

**v.**               Case No. 8:09-cv-467-T-TBM

**PRECISION MOTOR CARS, INC.,
d/b/a MERCEDES-BENZ OF TAMPA,**

  **Defendant.**
               /

# **O R D E R**

THIS MATTER is before the court on Defendant's **Motion to Dismiss Amended Complaint** (Doc. 23).[1] Plaintiff, who is proceeding *pro se*, has filed a response in opposition (Doc. 26).[2]

I.

Plaintiff, an African-American female, sues Defendant for discrimination, fraud, and unfair and/or deceptive trade practices. The gravamen of Plaintiff's Amended Complaint is that she paid for but never received a "Computerized Diagnostic" check of her vehicle and received instead a "Fitness Courtesy Inspection." Plaintiff attests that a "Computerized Diagnostic" check is "an extreme polar opposite of a Fitness Courtesy Inspection." (Doc. 22 at 2). In Count I, Plaintiff alleges that, pursuant to 42 U.S.C. § 1981, Defendant breached a

---

[1]The court granted Defendant's motion to dismiss on October 7, 2009, and permitted Plaintiff to file an amended complaint. (Doc. 20). Plaintiff timely filed her Amended Complaint (Doc. 21), as well as an Affidavit in support (Doc. 22).

[2]Plaintiff did not initially respond to the motion. However, in response to the court's Order (Doc. 24) directing has now done so.

contract, i.e., a repair/work order dated December 9, 2008, by failing to conduct a complete computerized diagnostic check of Plaintiff's 2005 Mercedes Benz as requested. By Plaintiff's account,

> This was a ploy and ruse a (Bait and Switch) was used as the "Computerized Diagnostic" check. This was (Never) used on "White" citizens and the fact of record shows proof of discrimination on Plaintiff, specifically. This act was intentional on its face because a Service Specialist was told about it it (sic) and the discovered error, and attempted to cover it up further compounding the problem. The Defendants have been unchecked and has data on "Black" and "White" service inspections showing the problem is limited to "Black" citizens, who own Mercedes Benz vehicles; Plaintiff in particular.

Am. Complt. (Doc. 21, ¶¶ 3-4). In Count II, Plaintiff appears to allege a claim for common law fraud. She alleges that Defendant intentionally misrepresented that Plaintiff received a "Computerized Diagnostic" report which she paid for when what she received was a "Fitness Courtesy Inspection." *Id.*, ¶¶ 6-7. In Count III, Plaintiff alleges that Defendant engaged in a scheme to defraud her by performing "'Fitness Courtesy Inspection' report instead of a 'Computerized Diagnostic' that was paid in full." Such was allegedly done to avoid having to make warranty repairs that should have been made. *Id.,* ¶¶ 9, 10. Plaintiff claims she "suffered tremendous stress, anxiety and depression because of these deceptive acts by Defendants, and has exacerbated her pre-existing injuries." *Id.*, ¶ 11. Plaintiff seeks damages "in excess of $100,00.00, an injunction to prohibit Defendant from engaging in similar practices in the future, and a trial by jury. *Id.*, ¶¶ 4, 7, 11. Plaintiff attaches to her Amended Complaint 54 pages of documents/records from Mercedes Benz including a work order/request dated December 9, 2008, and forms captioned "Mercedes–Benz Know Your

2

Vehicle Fitness Inspection and Treatment Plan," which appear to document courtesy inspections on six occasions between July and December 2008. *Id.*, Attachments.

Defendant moves to dismiss the Amended Complaint, pursuant to Rules 10(c) and 12(b)(6) and/or (e) of the Federal Rules of Civil Procedure. Defendant contends that, while Plaintiff includes some additional allegations in her Amended Complaint and substantially more attachments, all of her claims fail. Defendant urges that dismissal of Plaintiff's § 1981 claim is warranted because Plaintiff has not alleged any facts showing intentional discrimination, let alone discriminatory treatment, on the basis of race. Defendant also suggests that Plaintiff's case should be dismissed because the exhibits Plaintiff attaches contradict her statements of racial discrimination by failing to provide a complete diagnostic inspection. Defendant also urges that Plaintiff's fraud claim should be dismissed because she fails to allege reliance and actual damages. Defendant urges further that, because Plaintiff does not allege actual damages, her claim that it engaged in a scheme to defraud (claim for violation of Florida's Unfair and Deceptive Trade Practices Act) here likewise fails. Finally, Defendant again notes that, with respect to her state law claims, Plaintiff may fall within the definition of a "vexatious litigant" as defined by Florida Statute 68.093. Should the court find dismissal appropriate, Defendant requests an award of attorney's fees pursuant to Florida Statute 501.2105. (Doc. 23).

Plaintiff counters that she alleged adequate facts of intentional discrimination to state a claim under § 1981 and she points to the totality of the circumstances and the allegations in paragraph 4 of her Amended Complaint. In support, Plaintiff cites to *Donaire v. NME Hosp., Inc.,* 27 F.3d 507, 508 (11th Cir. 1994), and *Taylor v. Flint Osteopathic Hosp., Inc.*, 561 F. Supp. 1152 (E.D. Mich. 1983). Citing Fla. Stat. ch. 501.201 et seq., Plaintiff urges that her

3

claim under the "Florida Deceptive and Unfair Trade Practices Act" does not fail for a want of damages because she has demonstrated damages of mental suffering and damages to her car. She also disputes Defendant's contention that her attachments are contrary to her claim, noting that she submitted attachments showing "Courtesy Fitness Inspections" and not computerized diagnostic reports. She also denies the allegations that she is a vexatious litigant. (Doc. 26).

II.

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is a motion attacking the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff. *Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which she bases her claim. Instead, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* __ U.S. __, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted

4

unlawfully." *Id.* A complaint does not need to contain detailed factual allegations to survive a Rule 12(b)(6) motion, however, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[3] *Id.* (quotation marks and citations omitted). In evaluating the sufficiency of a plaintiff's pleadings, the court must make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, __ U.S. __, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

Because Plaintiff is proceeding *pro se*, the court construes the complaint more liberally than had it been drafted by an attorney. *See Harris v. United Auto. Ins. Group, Inc.*, 579 F.3d 1227, 1231 n. 2 (11th Cir. 2009) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990). However, the court will not serve as "de facto counsel" for Plaintiff or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

III.

A.

---

[3]When reviewing a motion to dismiss, the court may consider documents attached to the complaint or directly referred to in the complaint, and in so doing will not convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985); *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1315 (M.D. Fla. 2000). A court also may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claim and undisputed in terms of authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

To state a claim of race discrimination under § 1981, Plaintiff must allege facts showing that (1) she is a member of a racial minority, (2) the Defendant intended to discriminate on the basis of her race, and (3) the discrimination concerned one or more of the activities enumerated in the statute, i.e., the right to make and enforce contracts, to sue, and to give evidence.[4] *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1157 (11th Cir. 2009) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)).

As indicated previously, Plaintiff, as an African American, clearly is a member of a racial minority. She does not, however, sufficiently allege facts demonstrating that Defendant engaged in purposeful racial discrimination directed at her by not completing a complete diagnostic inspection or that she was actually denied the ability to engage in any contractual activity, i.e., the ability to either make, perform, enforce, modify, or terminate a contract, on account of Defendant's conduct. Although Plaintiff offers additional facts intended to demonstrate intentional discriminatory conduct, I again conclude that she fails to state a claim of discrimination under § 1981 because she has not alleged sufficient facts to support an allegation that Defendant intended to discriminate against her on the basis of race. *See Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984) (affirming dismissal of pro se § 1981 claim for failure to allege facts that could be characterized as purposeful discrimination). To

---

[4] Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Under the statute, "'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

6

this end, her allegations that Defendant's act (i.e., performing "Fitness Courtesy Inspection" instead of a "Computerized Diagnostic" check) was a "bait and switch" and "never used on white citizens" and "was intentional on its face because a service specialist was told about it . . . and attempted to cover it up," (Doc. 21, ¶¶2-4), are conclusory and insufficient.[5] *See Aldana,* 416 F.3d at 1248 (providing that, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations); *see also Ashcroft v. Iqbal,* 556 U.S. __, 129 S. Ct. 1937, 1951 (2009) (stating conclusory allegations are "not entitled to be assumed true"). Likewise, Plaintiff's allegation that, "[t]he Defendants have been unchecked and has data on 'Black' and 'White' service inspections showing the problem is limited to 'Black' citizens who own Mercedes Benz vehicles," (Doc. 21, ¶ 4), lacks any factual support and appears contradicted by service records which reveal nothing about the customer's race. *See Iqbal*, 566 U.S. __, 129 S. Ct. at 1951. Plaintiff also fails to sufficiently allege facts establishing that any alleged discrimination concerned an enumerated activity. As set forth by Plaintiff, her complaint arises from the December 9, 2009, work order/request. Yet, it plainly appears that she entered into the agreement with Defendant to address certain problems and concerns with her vehicle and Defendant did just that, albeit not in a manner satisfactory to Plaintiff. At best, Plaintiff may claim that she did not receive the service she requested and paid for, but such allegations in these circumstances fail to demonstrate that Defendant interfered with her ability to make, enter, or enforce the contract, much less to give evidence or sue over the contract. Furthermore, as Defendant

---

[5]Even taken together such allegations do nothing to suggest that her rights to contract were impeded in any way. As noted by Defendant, the work order/request contract submitted by Plaintiff stands in direct contradiction to the allegations.

7

notes, the work order/request dated December 9, 2009, attached to Plaintiff's Amended Complaint appears to refute her assertion that a complete diagnostic check was not performed as requested. *See* Doc. 21-1 at 10-11). In particular, it states:

> #4 – Customer Reports: Customer wants complete
> diagnostic pre-purchaswe (sic) inspection. Work performed
> by Albright, Jeremy P. Sub Total: Labor: 110.00. Parts: .00.

*Id.* While the work order/request also states that a Mercedes Benz courtesy inspection was performed, it does not indicate that such was performed in lieu of the complete diagnostic check requested by and paid for by Plaintiff. *See id.* Although Plaintiff summarily contends that a complete diagnostic inspection was not performed, the work order/request refutes her allegation. In light of these reasons, Count I is dismissed. [6]

B.

To state a claim for fraud, Plaintiff must allege that: (1) there was a misrepresentation of a material fact; (2) Defendant knew the falsity of the representation; (3) Defendant made the representation intending that she would rely on it in doing an act desired by the Defendant; and (4) Plaintiff's reliance caused damage. *Myers v. Myers*, 652 So. 2d 1214, 1215 (Fla. Dist. Ct. App. 1995) (citing *Joiner v. McCullers,* 28 So. 2d 823 (Fla.

---

[6]As for the case law cited by Plaintiff, I am unable to conclude that either case supports her claim. Both *Donaire* and *Taylor* involved discrimination in the employment context. As recognized by the Eleventh Circuit, "'[t]here is a significant distinction . . . between employment agreements and retail transactions' for the purpose of § 1981." *Kinnon v. Arcoub, Gopman & Assocs.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 360 (5th Cir. 2003)). Moreover, neither case factually or legally bolsters Plaintiff's argument she has satisfied the pleading requirements of § 1981 by alleging that she "intentionally did not receive a computerized diagnostic service paid for by Plaintiff at time of requested service; and [Defendant] failed to treat Plaintiffs, who are Black, the same as White citizens," (Doc. 26 at 3), and Plaintiff fails to offer facts suggesting how they do.

1947)). Allegations are insufficient if they are too general, vague or conclusory. *Id.* (citing *Beckler v. Hoffman,* 550 So. 2d 68, 70 (Fla. Dist. Ct. App. 1989)). If the elements are not pled, they may not be inferred from the context of the allegations. *Id.* at 1215-16 (citing *Magner v. Merrill Lynch Realty/MCK, Inc.,* 585 So. 2d 1040, 1043 (Fla. Dist. Ct. App. 1991)).

Plaintiff does not sufficiently allege facts to support a claim of fraud in Count II of her Amended Complaint. Construed liberally, Plaintiff proffers no particularized allegations that Defendant misrepresented a material fact or that Defendant knew the falsity of the fact, that she relied on any misrepresentation, and even if she did, that such misrepresentation resulted in actual damages. Her failure to do so is fatal to her claim. *See Simon v. Celebration Co.*, 883 So. 2d 826, 832-33 (Fla. Dist. Ct. App. 2004). Further, the attachments to her Complaint tend to dispute any allegation that Defendant committed fraud by not performing requested services on Plaintiff's vehicle. *See* (Doc. 1, Attach.). Consequently, Count II is dismissed. *See Davis v. Kvalheim*, No. 07-12754, 2008 WL 67676, *3 (11th Cir. 2008) (not reported);[7] *Morris v. Bush*, No. 1:08-cv-208-MP-AK, 2008 WL 5231843 (N.D. Fla. Dec. 9, 2008).

C.

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") can be violated in two ways: (1) a per se violation premised on the violation of another law proscribing unfair or deceptive practice, and (2) adopting an unfair or deceptive practice. *Hap v. Toll Jupiter Ltd. P'ship*, No. 07-81027-CIV, 2009 WL 187938, at *9 (S.D. Fla. Jan. 28, 2009). To state a

---

[7]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

9

claim under FDUTPA, Plaintiff must allege: (1) a deceptive act or practice, (2) causation; and (3) actual damages.[8]  *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006). Claims arising under the FDUTPA must be pled with particularity.  *Fla. Digital Network v. N. Telecom. Inc.,* No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163 at *5 (M.D. Fla. Aug. 30, 2006); *Stires v. Carnival Corp.,* 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002).

Construed liberally, Plaintiff suggests that Defendant's engaged in a deceptive practice of providing "Fitness Courtesy Inspection" reports instead of "Computerized Diagnostic" reports when requested by "Black" persons such as herself in order to circumvent its duty to conduct repairs still under warranty.  However, she proffers no allegations demonstrating causation.  Nor does she proffer adequate allegations of actual damages. While Plaintiff alleges damages relating to tremendous stress, anxiety and depression, as well as the exacerbation of her pre-existing injuries, the FDUTPA does not permit claims for personal injury.[9]  *See* Fla. Stat. § 501.212(3); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995).  Here, in the light most favorable to the Plaintiff, her conclusory allegations are insufficient to support a claim for violation of the FDUTPA.  *See Fla. Digital*

---

[8]"[T]he FDUTPA applies to private causes of action arising from single unfair or deceptive acts in the conduct of any trade or commerce, even if it involves only a single party, a single transaction, or a single contract.  An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers . . . deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *PNR, Inc. v. Beacon Prop. Mgmt.*, 842 So.2d 773, 777 (Fla. 2003) (internal citations and quotations omitted).

[9]In her response to the motion, Plaintiff claims for the first time that she shows damages to herself and "to her auto as a result of failure to give computerized diagnostic." Such is not pleaded and again appears wholly refuted by her own documentation indicating that warranty repairs were made by Defendant while Plaintiff declined repairs not under warranty.

10

*Network, Inc. v. N. Telecom, Inc.*, No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163, *5 (M.D. Fla. Aug. 30, 2006). Consequently, Count III is dismissed.

IV.

For the reasons set forth above, Defendant's **Motion to Dismiss Amended Complaint** (Doc. 23) is **GRANTED**.[10] Counts I, II, and III are dismissed with prejudice. As there are no remaining claims before the court, the Clerk is directed to terminate all pending motions as moot and close this case.

**Done and Ordered** at Tampa, Florida, this 12th day of February 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pro se Plaintiff

---

[10]The court declines to exercise its discretion and award Defendant fees under FDUTPA. *See* Fla. Stat. § 501.2105; *Amy Aviation Heritage Foundation & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254 (N.D. Fla. 2007) (stating award of attorney fees under FDUTPA discretionary).

11